

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-261-CR

MICHAEL HECTOR DIAZ                                                        APPELLANT

V.

THE STATE OF TEXAS                                                               STATE

------------

FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In a single point, Appellant Michael Hector Diaz challenges the legal sufficiency of the evidence to support his conviction for driving while intoxicated ("DWI").  We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Background

Officer Penny Lopez had been a jailer with the Keller Police Department for three years before she transferred to the patrol division in November 2005. Around 10:45 on the night of January 11, 2006, she was patrolling with her field training officer, Corporal Craig Berry, when she saw a white Durango pick up truck without a front license plate swing wide onto Main Street and then turn without signaling. In response, Officer Lopez executed a traffic stop.

As she approached the truck, the driver rolled his window down about eight inches. He had a moderate odor of an alcoholic beverage on his breath, his eyes were bloodshot, and his eyelids appeared heavy. There was fast food in the seat but the driver was not eating when he was pulled over. Officer Lopez identified the driver as Diaz and asked him if he had been drinking. He denied that he had.

Officer Lopez walked back to the patrol car to consult with Corporal Berry, who as the department's DWI enforcement officer, had considerable experience. He suggested that she administer field sobriety tests to determine whether Diaz was intoxicated. Officer Lopez had Diaz exit the pickup truck and, under Corporal Berry's supervision, she performed the horizontal gaze nystagmus test ("HGN") on Diaz. The HGN yielded all six clues of intoxication. Officer Lopez then asked Diaz to perform a one-leg-stand test, but after failing

to keep his leg up, he quit and refused to attempt any further tests. Corporal Berry confronted Diaz about his denying having consumed any alcohol that night, whereupon Diaz became argumentative.

The officers placed Diaz under arrest and took him to the jail, where he refused to provide a sample of his breath or blood for testing or to perform any more tests. Officer Lopez then procured a search warrant for a blood sample and transported Diaz to North Hills Hospital.

Approximately three hours after the traffic stop, Diane Kirk, a certified phlebotomist who had performed thousands of blood draws, took a sample of Diaz's blood. Following established procedures, she drew the sample into a standard blood-kit vial that contained preservative and anticoagulant. The vial was then sealed and transported to the Keller Police Department, where it was placed in the evidence refrigerator until it could be delivered to the Texas Department of Public Safety Crime Laboratory ("DPS Lab") in Garland for testing.

On February 27 and 28, 2006, Kenneth Evans, drug section supervisor at the DPS Lab, analyzed the sample drawn from Diaz. Using methods practiced over his twenty-five years as a forensic analyst, he determined that the blood alcohol concentration of the sample was 0.09 grams of alcohol per 100 milliliters of blood.

The State charged Diaz with DWI, alleging, among other things, that Diaz had been "intoxicated by not having the normal use of his mental and physical faculties by reason of the introduction of alcohol into his body or by having an alcohol concentration of at least 0.08."[2]  The case was tried to a jury, which returned a verdict of guilty.  The trial court sentenced Diaz to one year's confinement probated for two years and imposed a fine of $850.

### III. Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.  The trier of fact is the sole judge of the weight and credibility of the evidence.  *See* Tex. Code Crim.

---

[2] *See* Tex. Penal Code Ann. § 49.01(2)(A) & (B) (Vernon 2003).

Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

## IV. Sufficient Evidence to Prove Intoxication

Diaz contends that the evidence is legally insufficient to prove that he was intoxicated. Under the penal code, "intoxicated" means not having the normal use of one's mental or physical faculties by reason of the introduction of alcohol into the body or having a blood alcohol concentration equal to or greater than 0.08 grams of alcohol per 100 milliliters of blood. Tex. Penal Code Ann. § 49.01.

Diaz contends that the evidence is insufficient to show he was intoxicated because his cross examination of the State's witnesses undermined the State's case. In support of this claim, he points to testimony that it was the arresting officer's first arrest for DWI, that there was no alcohol found inside the truck, that there was fast food in it, that the proper HGN testing protocol was not followed, that Officer Lopez relied on Corporal Berry's decision to arrest Diaz, and that the DPS chemist who tested his blood sample testified only that the blood alcohol concentration was over the legal limit on the day of testing.

All of these contentions, however, urge that we re-evaluate the weight and credibility of the evidence. Therefore, none are germane to a legal sufficiency analysis. *See Brown*, 270 S.W.3d at 568; *Dewberry*, 4 S.W.3d at 740.

Moreover, viewing the evidence in the light most favorable to the verdict, the evidence is legally sufficient. The arresting officer testified that her observations of and interactions with Diaz on the night of his arrest led her to believe that he had lost the normal use of his physical and mental faculties by drinking alcohol, and therefore, had been intoxicated. She arrived at this conclusion after observing him commit two traffic violations, smelling a moderate odor of an alcoholic beverage on his breath, performing HGN testing

that yielded six out of six possible clues indicating intoxication, witnessing him argue with Corporal Berry and, after attempting and failing to perform a field sobriety test, refusing to attempt any others.  Officer Lopez then obtained a warrant for a blood sample and transported Diaz to North Hills Hospital where a licensed phlebotomist drew a sample of his blood which was sealed and later tested at the DPS Lab in Garland.  Evans, the chemist who analyzed the sample, testified that the it yielded a blood alcohol concentration of 0.09 grams per 100 milliliters, which Evans testified is above the legal limit of 0.08.  Evans further testified that assuming that blood sample had been drawn three hours after Diaz had consumed his last alcoholic beverage, the 0.09 result was likely lower than what it would have been had it been drawn at the time Diaz was driving.  After hearing this and other evidence, the jury found appellant guilty. Viewed in the light most favorable to the verdict, we hold that the evidence is legally sufficient to show that Diaz was intoxicated, and we overrule his sole point.  *See Maxwell v. State*, 253 S.W.3d 309, 316–17 (Tex. App.—Fort Worth 2008, pet. ref'd).

V. Conclusion

Having overruled Diaz's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, LIVINGSTON, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 4, 2010

8